BLACK et al. v. SOUTHERN FILM SERV-
ICE, Inc.   (No. 7655.)

(Court of Civil Appeals of Texas.   Galveston.
April 4, 1919.   Rehearing Denied
April 24, 1919.)

1. SALES ⊚⟶479(1) — CONDITIONAL SALES—
REMEDIES OF SELLER — IMPROPER RELIEF
GIVEN.

In a suit by the seller to recover the ti-
tle and possession of picture machines, condi-
tionally sold, and in the alternative to recover
part of the purchase price with interest and
foreclosure, the seller cannot recover both the
machines and the purchase price.

2. APPEAL AND ERROR ⊚⟶1152—GROUNDS FOR
REVERSAL—ERRONEOUS JUDGMENT NOT RE-
FORMABLE.

A judgment, which grants improper relief
to a seller suing the buyer, under a conditional
sale contract, cannot be reformed and affirmed
where neither the verdict, the lower court's
finding of fact, nor the evidence in the record
shows what judgment should have been render-
ed, so that the judgment will be reversed, and
the cause remanded.

Error from Harris County Court; W. E.
Monteith, Judge.

Action by the Southern Film Service, In-
corporated, against the Xydias Amusement
Company, a partnership composed of G. L.
Black and others.   From a judgment for
plaintiff, defendants bring error.   Reversed
and remanded.

A. B. Wilson, of Houston, for plaintiffs in
error.

Fred R. Switzer, of Houston, for defendant
in error.

PLEASANTS, C. J.   This suit was brought
by the defendant in error against the Xydias
Amusement Company, a partnership com-
posed of A. J. Xydias, Callie Xydias, and
G. L. Black.   The suit was for the recovery
of title and possession of two picture ma-
chines, and in the alternative for recovery
against defendants of the sum of $280, with
interest, and for foreclosure of a mortgage
lien upon the machines, and for recovery of
the further sum of $48 for repairs on said
machines and films furnished defendants.

The property was seized under sequestra-
tion proceedings, and was replevied by the
defendants G. L. Black and Callie Xydias.

Defendants answered under oath by gen-
eral demurrer, and general denial, and al-
leged that Mrs. Callie Xydias was a married
woman at the time plaintiff's cause of action
is alleged to have accrued, and was not bound
or obligated to plaintiff, and pleaded her
coverture.   Further answering, Mrs. Callie
Xydias alleged that she held a chattel mort-
gage upon the moving picture machines

described in plaintiff's petition, to secure the
payment of $1,600 loaned by her to Xydias
Amusement Company October 4, 1916, which
$1,600 was her sole and separate property,
and that she had a first and prior lien upon
said machines by reason of the execution of
said mortgage.

Further answering, defendants alleged
plaintiff warranted said machines would not
cause the pictures to jump, and would give
a steady and flickerless light, and that said
machines had not given satisfaction in that
respect, and had not filled the warranties,
but that said machines had required constant
attention, and had never produced a flicker-
less, steady light, and picture; that defend-
ants had paid plaintiff the fair and reason-
able value of said machines, and was not
indebted to plaintiff in any sum.

Plaintiff filed a supplemental petition, con-
sisting of a general demurrer and general
denial, and alleged that the chattel mortgage
given by Xydias Amusement Company to
Callie Xydias disclosed on its face that the
obligation to be secured was the community
estate of herself and husband; that defend-
ants had no notice until the filing of the
answer that it was her sole and separate
estate, and that plaintiff accepted the con-
veyance set out in its amended petition,
thinking and relying upon the fact that the
chattel mortgage and the obligation thereby
secured was the community property of her-
self and husband.

The cause was submitted to a jury in
the court below upon special issues.   Upon
return of the verdict the court rendered the
following judgment:

"Be it remembered that on the 3d day of
October, 1917, the above entitled and numbered
cause came on in its regular order for trial,
when came the plaintiff by its attorney and an-
nounced ready for trial; also came the defend-
ant Xydias Amusement Company, a firm com-
posed of A. J. Xydias and G. L. Black and
G. L. Black individually and Callie Xydias, by
their attorney, and announced ready for trial;
the defendant A. J. Xydias, having been outside
of the state of Texas since the filing of this
suit, was not served with citation.   A jury hav-
ing been demanded, thereupon came Newton Eno
and five other good and lawful men, who were
duly impaneled and sworn to try the said cause.
The taking of testimony continued till October
4, 1917, whereupon the court submitted his
charge to the jury in the form of special issues,
and after the argument of counsel the jury
retired to consider of its verdict in the form
of answers to special issues submitted by the
court, as follows:

"Special Issue No. 1: 'Did the plaintiff war-
rant the two machines purchased by defendant
to produce a flickerless, steady picture?'   To
which the jury answered, 'No.'

"Special Issue No. 2: 'Did the said two ma-
chines produce a steady, flickerless picture?'
To which the jury answered, 'No.'

"Special Issue No. 3: 'If you have answered

the two preceding issues in the affirmative, and only in that event answer the following question: 'Was the failure of the machines to produce a steady, flickerless picture due to the defendant's failure to properly operate the machines?' To which the jury answered, 'No.'

"Special Issue No. 4: 'What was the fair, reasonable value of the two machines at the time of their purchase?' To which the jury answered, 'Machines' value, $560.00.'

"Special Issue No. 5: 'What is the fair, reasonable value of said two machines at this time?' To which the jury answered, 'Two machines' value, $400.00.'

"Special Issue No. 6: 'What is the fair rental value of said two machines per month?' To which the jury answered, 'The rental value of two machines, $60.00 per month.'

"Special Issue No. 7: 'On December 29, 1916, the date of the purported transfer of said machines from the Xydias Amusement Company to plaintiff, did plaintiff have notice of a dissolution of the partnership between A. J. Xydias and G. L. Black?' To which the jury answered, 'No.'

"Special Issue No. 8: 'Was there an understanding between plaintiff and defendant at the time of the purchase of said two machines that the title to said machines would remain in the plaintiff until they were accepted and the balance paid thereon?' To which the jury answered, 'Yes.'

"Which verdict of the jury was in open court duly received and filed, and the plaintiff has remitted the amount of $100.00 from the said sum of $400, being the value of said two machines as found by the jury in response to special issue No. 5.

"From the evidence adduced upon the trial of said cause the court finds that the two motiongraph picture machines involved in this suit are of equal value, and from the findings of the jury by its verdict, and from other facts adduced in evidence and found by the court, the court is of the opinion that the plaintiff should recover, and here now enters the following as the judgment and decree of this court on this 1st day of November, 1917:

"It is ordered and decreed by the court that the plaintiff, Southern Film Service, Incorporated, a corporation, duly incorporated under the laws of the state of Texas, have and recover of and from A. J. Xydias and G. L. Black, doing business under the firm name of Xydias Amusement Company, the title and possession of two motiongraph picture machines, one now in the Star, and one in the Red Theater, in the city of Houston, Tex., being the same machines described in the plaintiff's petition, and that the plaintiff have its writ of possession therefor.

"It further appearing to the court that on or about the 10th day of January, 1917, plaintiff caused a writ of sequestration to be levied on the above-described two machines, and that on the 10th day of January, 1917, the defendants Callie Xydias and G. L. Black, as principals, and J. Rosson and Herman Gieseke, as sureties, executed a replevy bond as provided by law in the sum of $600, it is ordered, adjudged, and decreed by the court that the plaintiff have and recover of and from the defendants Callie Xydias and G. L. Black, as principals, and J. Rosson and Herman H. Gieseke, as sureties,

jointly and severally, the sum of $300, the value of the said two machines, for all of which let execution issue.

"And that if either or both of the machines be returned within the time and as provided by law, the judgment herein rendered against the said G. L. Black individually and Callie Xydias and the said sureties for the sum of $300 be credited with the sum of $150 for each machine returned, less such reasonable amount of injury or damages since said replevy bond has been filed as may be adjudged by the sheriff or constable who may be authorized under the law to make such adjudication, and in the event of payment of the sum of $150 in lieu of either of the said machines is made, the judgment herein rendered against the said A. J. Xydias and G. L. Black, doing business under the name of Xydias Amusement Company for the title and possession of said machines shall be discharged and released on each machine for which the said payment of $150 has been made.

"It appearing to the court that the plaintiff, as against the claim of Callie Xydias, under the chattel mortgage set up in her answer, has a prior lien to secure the payment of the sum of $140, principal, and $11.20, interest accrued to date, making the total sum of $151.20 on each of said machines, it is ordered by the court that the said lien in favor of the plaintiff for the payment of $151.20 on each of the said machines is hereby established, and in the event of the return of either of said machines within the time and as required by law, the plaintiff shall have an order of sale, commanding the sale of such machine or machines that may be returned, and, after deducting the costs of sale, that the proceeds be applied to the payment of said sum of $151.20 against each of the said machines as may be returned.

"It further appearing to the court that the plaintiff has entered a remittitur of all rent on said two machines in excess of the sum of $300, it is ordered and decreed by the court that the plaintiff, Southern Film Service, Incorporated, have and recover of and from G. L. Black, Callie Xydias, as principals, and J. Rosson and Herman H. Gieseke, jointly and severally, the sum of $300, rent and said machines, for all of which the plaintiff shall have its execution.

"It is further ordered and decreed that the plaintiffs have and recover of and from the defendants A. J. Xydias and G. L. Black, partners doing business under the name and style of Xydias Amusement Company, and G. L. Black individually for the further sum of $48.60, due on open account, and interest thereon from January 1, 1917, till paid at the rate of 6 per cent. per annum, and for all costs in this cause incurred or expended; and, because there has been no service of process upon the said A. J. Xydias, it is ordered that execution do not issue against the individual property of A. J. Xydias, but do issue against the estate and property of G. L. Black and the partnership property and estate of Xydias Amusement Co."

[1, 2] This judgment is so uncertain and contradictory in its terms that it cannot be sustained. It goes without saying that, if plaintiff owns the machines and is entitled to recover their value from defendants and

rents for their wrongful detention, it is not entitled to recover the $280 with interest, a part of the agreed purchase price of the machines. It is equally clear that if plaintiff can recover the $280, with interest and a foreclosure of a lien on the machines, it cannot recover the machines or their rental value. This judgment appears to give both remedies. There is nothing in the verdict of the jury, the findings of fact by the trial court, nor the evidence from which this court can determine what judgment should have been rendered, and we can therefore neither reform this judgment nor render such judgment as should have been rendered by the court below.

Upon this state of the record the judgment must be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.